IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:

KWAMAIN O'NEAL,

    Plaintiff,

v.

CITY OF RIVIERA BEACH
AND JOHN VANDERLAAN

    Defendant(s),
_____/

### **DEFENDANT, CITY OF RIVIERA BEACH'S, PETITION FOR REMOVAL**

**COMES NOW** Defendant, CITY OF RIVIERA BEACH, by and through its undersigned counsel and hereby petitions for Removal of the above-styled action from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, where the same is now pending as Case No. 50-2022-CA-009847, to this Court. Removal is proper on the following grounds:

1.    Plaintiff commenced a civil action in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, styled *KWAMAIN O'NEAL, Plaintiff, v. CITY OF RIVIERA BEACH and JOHN VANDERLAAN, Defendants*, Case Number: 50-2022-CA-009847 ("the State Court Action"). *See* Plaintiffs' Complaint in the State Court Action attached hereto as an Exhibit.

2.    The Complaint in this case was served on Defendant, CITY OF RIVIERA BEACH, via process server on February 3, 2022. *See* Complaint and Summons attached hereto as an Exhibit.

3.    This Court has original jurisdiction of the Plaintiff's claims in Count III pursuant to 28 U.S.C. §1331, §1343, and 42 U.S.C. §1983, and the action is thereby removed to this Court pursuant to the procedures authorized by 28 U.S.C. §1441(a)(b).

4. Jurisdiction in this matter lies with this Court as, among other reasons, the Complaint sets forth "Plaintiff's claims arise pursuant to 42 U.S.C. §1981, §1983, and §1988 for violations of his rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, as well as under Florida state law." *See* Plaintiff's Complaint attached hereto as an Exhibit, at paragraph 3.

5. Count III in the Plaintiff's Complaint is brought pursuant to 42 U.S.C. §1983 and §1988, and contains claims asserting violations of Plaintiff's Fourth and Fourteenth Amendment rights. *See* Count III of the Plaintiff's Complaint attached hereto as an Exhibit.

6. In addition, this Court has supplemental jurisdiction of the Plaintiff's claims in Counts I and II of the Complaint pursuant to 28 U.S.C §1367(a).

7. 28 U.S.C. §1367(a) confers to the district court supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8. "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." Geter v. Galardi South Enterprises, Inc., 43 F. Supp. 3d 1322, 1329 (S.D. Fla. 2014), quoting Lucero v. Trosch, 121 F. 3d 591, 597 (11th Cir. 1997).

9. In this present matter, all causes of action share a common nucleus of operative fact, and adjudication of all of the claims likely will require "the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts." Vernon v. Medical Associates of Margate, Inc., 912 F. Supp. 1549, 1565-66 (S.D. Fla. 1996), quoting Palmer v. Hospital Authority of Randolph County, 22. F. 3d 1559, 1563-64 (11th Cir. 1994). See also PTA-

FLA, Inc. v. ZTE USA, Inc., 844 F. 3d 1299, 1310 (11th Cir. 2016) (holding claims arose from same facts, occurrences, witnesses or evidence and formed part of the same case or controversy).

10. "The Supreme Court has … acknowledged 28 U.S.C. §1367(a) as 'a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction.'" PTA-FLA, Inc., 844 F. 3d at 1310, quoting Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 556 (2005). In such a situation, "a district court acts well within its discretion to hear the supplemental claims arising under state law." Vernon, 912 F. Supp. at 1566.

10. This Notice of Removal has been filed within thirty (30) days after receipt by Defendant of the Complaint in accordance with 28 U.S.C. §1446(b).

11. Following the filing of this Petition with this Court, written notice of the filing of the same will be provided to the attorney for Plaintiff, as required by law.

12. Following the filing of this Petition with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the Fifteenth Judicial Circuit of Palm Beach County, Florida, as required by law.

13. Pursuant to 28 U.S.C. § 1446(a), Defendant files true and legible copies of important process and pleadings on file in the State Court with this Petition for Removal as Exhibits herewith.

WHEREFORE, Defendant, CITY OF RIVIERA BEACH, by and through its undersigned attorney, respectfully request that this matter be removed and that this Honorable Court grant such other and additional relief as is otherwise proper.

Respectfully submitted,

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN, P.C.**

By: /s/ Joanne I. Nachio, Esq.
Joanne I. Nachio, Esq.
Florida Bar Number 113040
ALAN C. NASH, ESQ.
Florida Bar Number:  0051267
Primary E-Mail: jinachio@mdwcg.com
Secondary E-Mail: oodelgado@mdwcg.com
2400 East Commercial Blvd., Suite 1100
Ft Lauderdale, FL  33308
Telephone:  (954) 847-4920
Facsimile:  (954) 627-6640
*Attorneys for Defendant City of Riviera Beach*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on, March 2, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Zedrick Barber, II, Esq.
The Barber Firm, LLC
4440 PGA Blvd. Suite 600
Palm Beach Gardens, FL 33410
Zedrick@thebarberfirm.us
(561) 221-1708

BY:   /s/ Joanne I. Nachio, Esq.