IN THE CIRCUIT COURT OF THE 15TH  JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

KWAMAIN ONEAL,

               Plaintiff,

vs.

CITY OF RIVIERA BEACH AND JOHN VANDERLAAN

               Defendant(s),

_____/

### COMPLAINT

COMES NOW, he Plaintiff, KWAMAIN ONEAL, by and through his undersigned counsel, and hereby brings this lawsuit against the Defendants, CITY OF RIVIERA BEACH and JOHN VANDERLAAN, and as grounds would state:

### JURISDICTION AND PARTIES

1. This is an action for damages in excess of thirty thousand dollars ($30,000.00), exclusive of attorney's fees, cost and interest.

2. All conditions precedent to bringing this action have occurred or have been performed. The Florida Stat. §768.28 Notice  of  Claim has  been forwarded, served and received more than six (6) months ago. Said document was served upon the Mayor, the Police Chief and upon the Insurance Commissioner of the State of Florida via certified mail. (See attached Exhibit "A").

3. Plaintiff's claims arise pursuant to 42 U.S.C. §1981, 1983, and 1988 for violations of his rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, as well as under Florida state law.

4. The Plaintiff, KWAMAIN ONEAL, (herein after referred to as "ONEAL' or "Plaintiff') is over the age of eighteen (18), is a resident of Palm Beach County, and is otherwise sui juris.

5. Defendant CITY OF RIVIERA BEACH (hereinafter referred to as "CITY"), is a municipal corporation formed pursuant to the laws of the State of Florida, located within the confines of Palm Beach County, Florida.

6. At all times material hereto, CITY was and is responsible for the operation, administration, management and oversight of all activities involving the RIVIERA Beach Police Department and its employees.

7. At all times material to this Complaint, Defendant JOHN VANDERLAAN (hereinafter referred to as "VANDERLAAN"), was an employee of the RIVIERA Beach Police Department, and at all material times was acting within the course and scope of his employment under color of law at the time of the events alleged in this Complaint and is sued individually.

8. At all times material to this Complaint, CITY employed VANDERLAAN who was acting in the course and scope of his employment.

9. At all times material CITY owned a canine named Platz (hereinafter sometimes simply referred to as "The K9"). Said K9 was a part of the CITY's K-9 unit.

10. The stated purpose of the Defendant CITY was "to use K-9's to aid in the detection of criminal activity and the apprehension of criminal violations as well as the recovery of evidence, contraband, firearms, currency, lost or missing persons, and explosives detection."

11. CITY required K-9 handlers to ensure that "injury to suspects be minimized to the extent possible during criminal apprehensions".

12. At all times material, VANDERLAAN exercised control and command over Platz. In other words, at all times material, The K9's actions were controlled and directed by VANDERLAAN.

13. In connection with the acts, practices and violations described below. VANDERLAAN directly or indirectly violated ONEAL 's constitutional and state rights.

**FACTS**

14. On or about October 8, 2018,  VANDERLAAN engaged his squad car's emergency lights and siren to initiate a traffic stop of a vehicle (hereinafter "the Vehicle") occupied by ONEAL. Thereafter, a pursuit of the vehicle ensued which ultimately resulted in the vehicle colliding with another vehicle at the intersection of Avenue O and Blue Heron Blvd. in Riviera Beach, FL.

15. Due to his fear and knowledge of the reputation of the RIVIERA Beach police and his current circumstance, ONEAL then exited the vehicle and fled on foot to 1177 W. Blue Heron Blvd. (hereinafter the "FedEx Building") with VANDERLAAN in pursuit in the CITY's K-9 Sports Utility Vehicle ("SUV").

16. When he arrived to the FedEx building, VANDERLAAN exited the CITY's K-9 SUV and found ONEAL perched atop an awning affixed to the building safeguarding himself from police.

17. Several additional RIVIERA Beach police officers were dispatched to the FedEx building where they too found ONEAL atop the awning.

18. Immediately, VANDERLAAN released his K9 "off-lead" from the City's K9 SUV.

19. While pleading with VANDERLAAN, ONEAL advised that he wanted to surrender, but did not wish to be hurt. VANDERLAAN's Body Camera recorded ONEAL unequivocally stating "I'm surrendering" on at least seven (7) occasions.

20. ONEAL agreed to come down but expressed what turned out to be a well founded fear of the excessive and unnecessary use of force that would follow. He begged VANDERLAAN and the other officers present not to allow the K9 to bite him.

21. As he began to come down off of the awning in compliance with VANDERLAAN's commands, ONEAL was grabbed on the leg by VANDERLAAN and pulled before miraculously landing on both feet with both arms raised into the air with his hands spread open to reveal that he was unarmed.

22. ONEAL fully demonstrated compliance while simultaneously indicating both verbally and physically, that he was surrendering to the officers. Clearly, the officers present could see that ONEAL was surrendering.

23. Notwithstanding, VANDERLAAN allowed, indeed commanded, the K9 to attack ONEAL.

24. The K9  was harnessed and controlled by VANDERLAAN when he commanded the attack. ONEAL posed no threat, had fully surrendered and was compliant, all of which was known to the officers present.

25. The K9 lunged forward biting ONEAL on his back and and finally locking his jaw upon ONEAL'S arm causing ONEAL to lose consciousness; ultimately resulting in deformity and injury.

26. Throughout the entire time the K9 attacked ONEAL, VANDERLAAN could be heard praising the animal "GOOD BOYYYY GOOD BOYYY GOOD BOYYY" as it continued to sink its teeth further and further into ONEAL'S flesh.

27. As the K9 continued to tug at ONEAL'S arm while his body laid completely limp, VANDERLAAN could be heard commanding ONEAL to "Stop Resisting".

28. At no point did ONEAL physically resist the officers' attempts to arrest him once he came down from atop the awning. Notwithstanding, he was brutally apprehended through the jaws and teeth of VANDERLAAN's K9 in what can only be characterized as punishment for his attempt to flee.

29. The use of a the K9 to punish ONEAL for fleeing served no lawful purpose, was sadistic, gratuitous, and caused ONEAL severe and permanent injury.

30. At the time of this action, the law was clearly established that officers cannot use force on a non-violent offender who has completely surrendered and complied with lawful commands for the purpose of punishing the individual for initially fleeing.

31. At no time did ONEAL take any action to either physically or verbally threaten the officers and at all times material, the officers were aware that ONEAL was not armed, was not in possession of any type of weapon, was trying to surrender and was showing his hands.

32. After the incident, the officers wrote up reports suggesting that the ONEAL was attacked by the canine after multiple and endless request for him to surrender were ignored.

## COUNT I

### State Law Battery- Against Defendant CITY

33. ONEAL reasserts and re-alleges Paragraphs 1-32 as if fully set out herein.

34. On or about October 8, 2018, Defendant VANDERLAAN was acting in the course and scope of his employment at that time and place, did intentionally batter, touch, and/or otherwise strike ONEAL by deploying his canine for that or those purposes.

35. CITY is vicariously liable for the actions of VANDERLAAN and the canine.

36. The conduct of VANDERLAAN, as set forth above, was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. The battery was accomplished by an abuse of VANDERLAAN's position as a law enforcement officer employed by the CITY.

37. The actions of VANDERLAAN caused physical harm and was committed without the Plaintiff's consent.

38. As a direct and proximate result of the above-mentioned unconstitutional acts of VANDERLAAN, ONEAL has sustained damages, including severe physical injury, physical inconvenience, in the past and will continue to suffer into the future aggravation of a preexisting condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses, care and treatment for his injuries.

WHEREFORE, Plaintiff ONEAL respectfully requests this Honorable Court to grant the following relief: Award him compensatory damages, taxable costs, a trial by jury on all issues so triable, and other such and further relief as this Court deems reasonable and just.

## COUNT II

**(State Law Battery- Against Defendant VANDERLAAN, Individually)**

39. ONEAL reasserts and re-alleges Paragraphs 1-32 as if fully set out herein.

40. On or about October 8, 2018, Defendant VANDERLAAN was acting in the course and scope of his employment at that time and place did intentionally batter, touch, and/or otherwise strike ONEAL by deploying his canine for that or those purposes. Said actions were done without Plaintiff's consent and against Plaintiff's will.

41. The conduct of VANDERLAAN was objectively unreasonable and constituted excessive force committed during the course and scope of employment. Defendant VANDERLAAN's battery of ONEAL, as set forth above, was accomplished by an abuse of VANDERLAAN's position as a law enforcement officer employed by CITY.

42. As a direct and proximate result of the above-mentioned unconstitutional acts of VANDERLAAN, the Plaintiff has sustained damages, including severe physical injury, physical inconvenience in the past and will continue to suffer into the future aggravation of a pre existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses, care and treatment for his injuries.

WHEREFORE, Plaintiff ONEAL demands judgment against Defendant VANDERLAAN for compensatory damages and costs of this action. and further requests a jury trial on all issues so triable.

### COUNTIII

Unnecessary/Unreasonable Use of Force Claim Against Defendant VANDERLAAN, Individually Pursuant to 42 u.s.c §1983 , §1988

43. Plaintiff reasserts and realleges Paragraphs l-32 as if fully set out herein.

44. VANDERLAAN, under color of law, did intentionally cause his K9, who was under his command, to touch or strike ONEAL by biting him on his arm and back without ONEAL's consent and against his will.

45. The conduct of VANDERLAAN towards ONEAL, as more fully set forth above, was objectively unreasonable and constituted unreasonable force in violation of Plaintiff's clearly established Constitutional rights under the 4th and 14th Amendments of the United States Constitution and 42. U.S.C. §1983.

46. VANDERLAAN acted intentionally and with reckless disregard for Plaintiff's clearly established Constitutional rights.

47. ONEAL has retained the undersigned law firm to prosecute this action on his behalf.

48. As a direct and proximate result of the actions of VANDERLAAN in violation of 42 U.S.C. § l983, Plaintiff suffered damages which include physical suffering, physical inconvenience, physical discomfort, medical treatment and care, all in violation of Plaintiff's civil rights.

WHEREFORE, Plaintiff demands judgment against VANDERLAAN for any and all damages allowable by law, including but not limited to compensatory, exemplary damages, and punitive damages; award the costs of this action and all costs related thereto; and award any equitable relief allowed by law; and demand a trial by jury of all issues so triable.

ONEAL also demands attorneys' fees pursuant to 42 U.S.C. §1988.

Dated this 4*th* day of October,  2022.


Respectfully submitted,


The Barber Firm, LLC
4440 PGA Blvd. Suite 600
Palm Beach Gardens, FL 33410
Zedrick@thebarberfirm.us
(561) 221-1708

By: /s/ Zedrick Barber II
Zedrick Barber, II, Esq.
Florida Bar No. 0110326

NOT A CERTIFIED COPY

# EXHIBIT "A"

NOT A CERTIFIED COPY

## Return Receipt 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mayor Ronnie Felder
600 Blue Heron Blvd.
Riviera Beach, FL 33404

9590 9402 5121 9092 8778 92

2. Article Number (Transfer from service label)

7019 0140 0001 1334 5016

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  R Coh        ☐ Agent
                ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

R COHEN          2-18-20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ sured Mail
☐ sured Mail Restricted Delivery
   ver $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

## Return Receipt 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Florida Dept. of Financial
Services D.V. of Risk Mangmnt.
200 E. Gaines Street
Tallahassee, FL 32399

9590 9402 2988 7094 4566 08

2. Article Number

17 1000 0000 9414 6369

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Received by: Sarah Blocker    ☐ Agent
   DEPT OF FINANCIAL SERVICES    ☐ Addressee
   TALLAHASSEE, FL 32399-0317

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

NOT A CERTIFIED COPY

# THE BARBER FIRM, PLLC.

*Attorneys and Counselors at Law*

*4440 PGA Blvd. Suite 600*
Palm Beach Gardens, FL 33410

**February 7, 2020**

**\*\*THIS CORRESPONDENCE IS SENT PURSUANT TO FLA. STAT. 768.28(6)(a)\*\***

**CERTIFIED RETURN/RECEIPT REQUESTED**

Mayor Ronnie Felder
600 Blue Heron Blvd.
Riviera Beach, FL 33404

Florida Department of Financial Services
Division of Risk Management
200 East Gaines Street
Tallahassee, FL  32399

Florida Chief Financial Officer
Jimmy Patronis
200 East Gaines Street
Tallahassee, FL  32399

**RE:**

| | |
|---|---|
| **Our Client/Claimant:** | **Kwamain Oneal** |
| **Address:** | ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮, ▮▮ ▮▮ |
| **Date of Birth:** | **August 12, 1989** |
| **Place of Birth:** | **West Palm Beach, FL** |
| **Date of Incident:** | **October 8, 2018** |
| **Type of Claim:** | **Battery; Assault; Negligence; Negligent Supervision, Negligent Training; Excessive Force; Deliberate Indifference, Intentional Infliction of Emotional Distress; Negligent infliction of Emotional Distress;  Violation of 4th Amendment of the United States Constitution; Violation of Florida Statute 767.04;  Violation of Federal Civil Rights Act of 1964; Violation of 42 U.S. Code § 1983; PunitiveDamages; Attorney's Fees and all other claims allowable arising out of this incident.** |
| **Incident Location:** | **1177 W Blue Heron Blvd. Riviera Beach, FL 33404** |
| **Adjudicated Penalties:** | **No Fines, Fees, Victim Restitution Funds and other judgments in excess of $200.000 owed byMr. Oneal to the State, its agency, officers of sub-divisions.** |

Mr. Mayor:

      Please be advised that the undersigned represents the above claimant for the injuries he sustained on the above date and at the above listed location. This letter is dispatched as notice pursuant to the requirements of Florida Statute 768.28(6)(a). We feel the **City of Riviera Beach (hereinafter "the City"), Mayor Ronnie Felder, Chief Clarence Williams and K9 Officer John Vanderlaan and/or city employees** have tort responsibility in the above-captioned incident.

      According to the Internal Affairs Investigation report, the undisputed facts of the incident that led to Mr. Oneal's injuries (hereinafter "the Incident") are as follows: **On October 8, 2018 at approximately 11:00 pm., K9 Officer John Vanderlaan (hereinafter "Vanderlaan") and his Officer K9 Platz were involved in an incident wherein Vanderlaan attempted to conduct a traffic stop on a vehicle occupied by two individuals; one of which, was Mr. Oneal. Mr. Oneal fled and ultimately ended up perched on top of an awning located at 1177 West Blue Heron Blvd. Riviera Beach, FL 33404. Vanderlaan's body camera captured his K9 off lead and attempting to climb the wall to get Mr. Oneal who was on the awning. Despite commands from Vanderlaan to come down, Mr. Oneal initially remained on top of the awning because he was visibly afraid that the K9 would bite him. Mr. Oneal responded "You got it, don't let the dog bite me. Please don't let the dog bite me!" Mr. Oneal can also be heard screaming several times "I'M SURRENDERING!" At that time, Mr. Oneal was pulled down from the awning by Vanderlaan. Mr. Oneal laid on the ground without offering any resistance at which point, Vanderlaan without any justification, allowed his K9 to viciously attack Mr. Oneal while Vanderlaan began to apprehend Mr. Oneal. You could hear Mr. Oneal screaming in agony while faced down as the K9 grabbed a hold of Mr. Oneal's left arm with its teeth locked into Mr. Oneal skin penetrating his flesh until Mr. Oneal eventually lost consciousness. As the K9 was attacking Mr. Oneal, Vanderlaan can clearly be heard encouraging the K9 by stating "Good Boy. Good Boy." Once Mr. Oneal lost consciousness, additional officers joined in, handcuffing Mr. Oneal's limp body before then transporting him to St. Mary's Medical Center**. The force used by the K9 Officer and Vanderlaan was clearly excessive. As a result of Vanderlaan, the K9 and the City's unlawful acts and indifference for Mr. Oneal's wellbeing, Mr. ONeal suffered great bodily harm requiring immediate medical treatment and leaving irreparable and permanent scarring.

      Due to the foregoing, we are hereby making a claim against the City of Riviera Beach for payment of four hundred thousand dollars ($400,000.00) for all damages sustained by Mr. Oneal, including punitive damages and attorney's fees. If the City of Riviera Beach does not believe that it has tort responsibly in the above-captioned incident, please advise the undersigned immediately in the form of a written denial. Please also provide this office with the name and correct mailing address of the State agency or subdivision, which does have tort responsibility for this claim. Otherwise, we shall expect the City of Riviera Beach to promptly begin good faith negotiations for the fair settlement of this claim.

      If you feel that we have failed to comply with Florida Statute 768.28(6)(a) in any manner whatsoever, please advise accordingly by return mail specifying how we have failed.

Please also accept this letter is as a request that you provide this office (preferably in an electronic form) with a copy of all recordings of the incident (written, video and/or audio) or in the form of a hard copy at the email address or alternatively the physical address affixed to this letter head. Please also consider this a request that any and all all evidence related to this incident including but not limited to all statements, audio and video recordings in your possession be preserved. If you fail to preserve and maintain this evidence, this office will seek any and all sanctions available under Florida law. <u>Nationwide Lift Trucks, Inc. vs  Smith</u>, 832 So. 2d 824, 826 (Fla. 4th DCA 2003). We specifically request that the following evidence be maintained and preserved and not be destroyed, modified, altered, repaired, or changed in any manner:

1.  Any and all copies of video recordings of the incident.

2.  Any and all logs or other documents prepared by agents, officers or employees of the City concerning the Incident from October 8, 2018 through the present;

3.  All photographs and video recordings related to the Incident including photographs of the scene, where Mr. Oneal's injuries occurred;

4.  Any and all manuals, guidelines, rules or regulations regarding K9 officers and officer K9s used by the City at the time of the incident;

5.  Any reports, memos, notes, logs or other documents evidencing complaints concerning Officer Vanderlan for the five year period prior to the incident;

6.  Any reports, memos, notes, logs or other documents evidencing complaints concerning the officer K9 handled by Officer Vanderlan during the incident for the five year period prior to the incident;

7.  Any and all witness reports statements taken by your employees, agents, officers or insurers referencing the incident from October 8, 2018 through the present;

8.  All names of Officers working on behalf of the City at 1177 West Blue Heron Blvd. Riviera Beach, FL 33404 at the time of the Incident and an account of each officer's working hours that day.

9.  All personnel files for all officers who were present at 1177 West Blue Heron Blvd. Riviera Beach, FL 33404 during the incident;

If you have any questions, please do not hesitate to call me directly at (561) 221-1708.

Email: Zedrick@TheBarberFirm.us  Phone: (561)221-1708  Fax: (561) 828-2361
<u>www.thebarberfirm.us</u>

Best Regard,

Zedrick D. Barber, II, Esq.