IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2022-CA-009847-XXXX-MB

KWAMAIN ONEAL,

    Plaintiff,

vs.

CITY OF RIVIERA BEACH AND JOHN VANDERLAAN

    Defendant(s),

_____/

## MOTION FOR EXTENSION OF TIME AND MOTION TO COMPEL

COMES NOW the Plaintiff, KWAMAIN ONEAL ("ONEAL"), by and through his undersigned counsel of record and pursuant to Rule 1.070 (j), Fla. R. Civ. P., which provides in pertinent part "that if the plaintiff shows good cause...the court shall extend the time for service for an appropriate period." and hereby requests that the Court issue an Order allowing the Plaintiff an additional 60 days, through and including April 7, 2023, to serve the Summons and Complaint on the Defendant, JOHN VANDERLAAN ("VANDERLAAN"), in this matter and compel VANDERLAAN and/or Defendant CITY OF RIVIERA BEACH ("RB") to produce VANDERLAAN'S home address, date of birth and social security number under seal of court in order to allow Plaintiff to have VANDERLAAN properly served. In support of said Motion, Plaintiff asserts the following:

1.     Plaintiff filed his Complaint on October 5, 2022.

2. Summonses were issued to the Defendant by the Clerk's office on or about February 1, 2023.

3. On February 3, 2023, RB was served a Summons and Complaint regarding this action. (See Verified Return of Service attached hereto as Exhibit "A")

4. Plaintiff's process service provider attempted to serve process on VANDERLAAN at the same time it served RB. However, it was revealed at that time that VANDERLAAN is no longer employed by RB.

5. Upon information and belief, Counsel for RB refused to accept service on VANDERLAAN'S behalf. The undersigned has made a good faith attempt to have VANDERLAAN served and failure to do so has not been due to willful, deliberate or contumacious disobedience.

6. Since VANDERLAAN is a Florida Law enforcement officer, his address has been impossible to discover and as such, Plaintiff needs additional time and latitude to locate and serve Defendant VANDERLAAN.

LEGAL ARGUMENT

I. SERVICE OF PROCESS

Florida Rule of Civil Procedure 1.070(j) [p]rovides a trial court with three options when service has not been perfected within 120 days of the filing of the complaint. The options are: "(1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3)

drop [the unserved] defendant as a party." *Chaffin v. Jacobson*, 793 So.2d 102, 103–104 (Fla. 2d DCA 2001). Where good cause or excusable neglect for failure to make timely service has been demonstrated, a trial court must extend the time for service "and has no discretion to do otherwise." Id. at 104. Where no good cause or excusable neglect exists, the trial court is left to exercise its discretion as to which of the three options to select, except where the statute of limitations has run. Where the statute of limitations has run, discretion should normally be exercised in favor of extending the time for service of process. *Von Mitschke-Collande v. Skipworth Props. Ltd.*, 201 So.3d 660 (Fla. App. 2016)

Even where a Plaintiff has not acted diligently and has failed to demonstrate either good cause or excusable neglect, he should still be afforded an opportunity to serve a Defendant when the statute of limitations on a negligence claim has run. This is so, because Rule 1.070(j) is a rule of administrative convenience which should not trump the preference for trials on the merits. *Id*. The purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a "free" dismissal with prejudice. Thus, where there has been no showing of good cause or excusable neglect, but the statute of limitations has run, discretion should normally be exercised in favor of giving the plaintiff an extension of time to accomplish service. *Skrbic v. QCRC Assocs. Corp., 761 So. 2d 349, 354* (Fla. 3d DCA 2000)

The Eleventh Circuit further provides that even where a plaintiff fails to show good cause, the facts of the case may still justify an extension. See Vu, 2018 U.S. Dist. LEXIS 33130, at *3 (quoting Lepone-Dempsey v. Carrol County Comm'rs, 476 F.3d 1277 1282 (11th Cir. 2007)); see also Horenkamp v. Van Winkle & Co., 476 F.3d 1277, 1282 (11th Cir. 2005); see also Fed. R.

Civ. P. 4(m), advisory committee notes, 1993 Amendments. Additionally, the Advisory Committee recognized the likelihood that there would be a need to extend the deadline for service of process:

Shortening the presumptive time for service will increase the frequency of occasions to extend the time. More time may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an in forma pauperis action. See Fed. R. Civ. P. 4(m), advisory committee notes, 2015 Amendments.

Here, Plaintiff has attempted to serve VANDERLAAN within 120 days of the filing of the complaint with his former employer RB. Prior to that point Plaintiff was unaware that VANDERLAAN was no longer employed by RB. As of this pleading, Plaintiff is attempting to locate VABNDERLAAN to serve process. The Court should extend the deadline for Plaintiff to perfect service because the Plaintiff has shown good cause why service had not been perfected and because to refuse to do so would in effect dismiss Plaintiff's claims with prejudice violating the spirit of the rule.

CONCLUSION

The delay in service will not prejudiced the opposing party through undue expense, loss of evidence, or in any other fashion and has not created any significant problems of judicial administration. In final support of this Motion, Plaintiff asserts that neither the parties, nor the Court would be prejudiced by a 60 day extension of time to serve VANDERLAAN with the Summons and Complaint in this matter. As a result of the foregoing, Plaintiff requests that RB be

compelled to provide VANDERLAAN's known home address, date of birth and social security number under seal of court in order to allow Plaintiff to have VANDERLAAN properly served.

WHEREFORE, the Plaintiff, ONEAL, respectfully requests that the Court issue an Order granting Plaintiff an extension of time to serve VANDERLAAN a summons and complaint in this matter as well as an order directing RB to disclose Defendant VANDERLANN'S residence address, mailing address, date of birth and social security number under seal of court in order to allow Plaintiff to have VANDERLANN properly served as set forth in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Electronic Mail Service on February 6, 2023 to the attached Service List.

Respectfully submitted,

The Barber Firm, LLC
4440 PGA Blvd. Suite 600
Palm Beach Gardens, FL 33410
Zedrick@thebarberfirm.us
(561) 221-1708

By: /s/ Zedrick Barber II
Zedrick Barber, II, Esq.
Florida Bar No. 0110326

# EXHIBIT "A"

NOT A CERTIFIED COPY

## VERIFIED RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Palm Beach** | **Circuit Court** |

Case Number: 50 2022 CA 009847 XXXX MB

BII2023001692

Plaintiff: **KWAMAIN ONEAL**
vs.
Defendant: **CITY OF RIVIERA BEACH AND JOHN VANDERLAAN**

For:
Zedrick Barber II, Esq
The Barber Firm LLC
4440 PGA blvd
Suite 600
Palm Beach Gardens, FL 33410

Received by Burke Process Service on the 3rd day of February, 2023 at 9:28 am to be served on **CITY OF RIVIERA BEACH C/O MAYOR RONNIE FELDER, 600 W. BLUE HERON BOULEVARD, RIVIERA BEACH, FL 33404**.

I, Arturo Gonzalez, do hereby affirm that on the **3rd day of February, 2023** at **4:34 pm, I:**

**GOVERNMENT AGENCY:** served by delivering a true copy of the **Summons, Standing Order for Case Management and Submission of Agreed Case Management Plan in Civil Cases in the Fifteenth Judicial Circuit Filed on or after April 30, 2021 and Complaint with Exhibits** with the date and hour of service endorsed thereon by me, to: **DAWN GYNN** as **CITY ATTORNEY** for **CITY OF RIVIERA BEACH C/O MAYOR RONNIE FELDER** at the address of **1481 W 15th St, RIVIERA BEACH, FL 33404,** and informed said person of the contents therein, in compliance with State Statutes.

**Additional Information pertaining to this Service:**
2/3/2023  4:21 pm  Attempted service at 600 W. BLUE HERON BOULEVARD, RIVIERA BEACH, FL 33404, but refused by the Circuit Court and instructed to serve the city of Riviera  beach paper at 1481 W. 15th St. in Riviera Beach to the legal department. They also stated they have no idea who John Vanderlaan is. I will attempt 2nd address.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: Brown, Height: 5'10", Weight: 190, Hair: Light Brown, Glasses: Y

Under penalties of perjury, I declare that I have read the foregoing Return of Service and the facts stated are true and correct. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).  I certify that I am over the age of 18, have no interest in the above action and am a Process Server, in good standing, in the judicial circuit in which the process was served.

Arturo Gonzalez
CPS #1416

**Burke Process Service**
**7200 W. Camino Real**
**Suite 102**
**Boca Raton, FL 33433**
**(954) 514-0116**

Our Job Serial Number: BII-2023001692

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**CASE NO.: 50-2022-CA-009847-XXXX-MB**

KWAMAIN ONEAL,

      Plaintiff,

vs.

CITY OF RIVIERA BEACH AND JOHN VANDERLAAN

      Defendant(s),

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION ON DEFENDANT(S)

    **CITY OF RIVIERA BEACH C/O MAYOR RONNIE FELDER**
    **600 W. Blue Heron Boulevard**
    **RIVIERA BEACH FL 33404**

EACH DEFENDANT IS REQUIRED TO SERVE WRITTEN ANSWER CONTAINING ALL DEFENSES OF LAW OR FACT TO SAID COMPLAINT ON PLAINTIFF'S ATTORNEY, WHOSE NAME AND ADDRESS IS

    **ZEDRICK BARBER II, ESQUIRE**
    **THE BARBER FIRM, LLC**
    **4440 PGA BLVD. SUITE 600**
    **PALM BEACH GARDENS, FLORIDA 33410**

1

NOT A CERTIFIED COPY

**(561) 221-1708**

WITHIN TWENTY (20) DAYS AFTER SERVICE OF THIS PROCESS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE, AND TO FILE THE ORIGINAL OF SAID WRITTEN ANSWER AND DEFENSES WITH THE CLERK OF THIS COURT EITHER BEFORE SERVICE ON PLAINTIFF'S ATTORNEY OR IMMEDIATELY THEREAFTER. IF YOU FAIL TO DO SO, A DEFAULT WILL BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated on **Feb 01 2023**, 2022.



JOSEPH ABRUZZO
CLERK OF CIRCUIT COURT

BY: _____
DEPUTY CLERK  **JOSIE LUCCE**
CIRCUIT COURT, CIVIL DIVISION

***Cautionary Warning***

The provisions of S83.60(2) F.S. may apply to this action which requires the tenant to pay into the registry of the Court accrued rent as alleged or as determined by the Court. "The Court shall notify the tenant of such requirement."

Any payment required into the registry of the Court must be cash, cashier's check or money order.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."



NOT A CERTIFIED COPY

