IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO. 2022-CA-009847

KWAMAIN O'NEAL,

    Plaintiff,

v.

CITY OF RIVIERA BEACH
AND JOHN VANDERLAAN

    Defendant(s),

_____/

## ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL OF DEFENDANT CITY OF RIVIERA BEACH

**COMES NOW** Defendant, CITY OF RIVIERA BEACH, by and through undersigned counsel, and in response to the Complaint of Plaintiff, herein files this its Answer, Affirmative Defenses and Demand for Jury Trial, and says:

## ANSWER

1. Admitted as to jurisdiction only. All other allegations are denied and strict proof thereof is hereby demanded.

2. The Defendant is without knowledge to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied and strict proof thereof is hereby demanded.

3. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

4. The Defendant is without knowledge to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied and strict proof thereof is hereby demanded.

5.	Admitted as to venue only. Otherwise, the allegations are denied and strict proof thereof is hereby demanded.

6.	The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

7.	The Defendant is without knowledge to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied and strict proof thereof is hereby demanded.

8.	The Defendant is without knowledge to admit or deny the allegations of this paragraph. Therefore, this paragraph is denied and strict proof thereof is hereby demanded.

9.	The Defendant is without knowledge to admit or deny the allegations of this paragraph.  Therefore, this paragraph is denied and strict proof thereof is hereby demanded.

10.	The Defendant is without knowledge to admit or deny the allegations of this paragraph.  Therefore, this paragraph is denied and strict proof thereof is hereby demanded.

11.	The Defendant is without knowledge to admit or deny the allegations of this paragraph.  Therefore, this paragraph is denied and strict proof thereof is hereby demanded.

12.	The Defendant is without knowledge to admit or deny the allegations of this paragraph.  Therefore, this paragraph is denied and strict proof thereof is hereby demanded.

13.	The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

14.	The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

15.	The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

16. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

17. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

18. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

19. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

20. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

21. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

22. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

23. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

24. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

25. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

26. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

27. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

28. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

29. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

30. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

31. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

32. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

All counts that have not been responded to by this Defendant are hereby Denied and strict proof is hereby demanded.

## COUNT I – STATE LAW BATTERY AGAINST DEFENDANT CITY

33. Denied. Defendant denies that a response to paragraph 33 is required as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that the foregoing allegations are construed to require a response, Defendant incorporates their responses to paragraphs through above as if fully set forth herein.

34. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

35. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

36. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

37. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

38. The Defendant denies the allegations of this paragraph and strict proof thereof is hereby demanded.

All counts that have not been responded to by this Defendant are hereby Denied and strict proof is hereby demanded.

## COUNT II – STATE LAW BATTERY AGAINST DEFENDANT VANDERLAAN INDIVIDUALLY

39. Denied. Defendant denies that a response to paragraph 39 is required as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that the foregoing allegations are construed to require a response, Defendant incorporates their responses to paragraphs through above as if fully set forth herein.

40. The allegations of Paragraph 40 are not directed towards this Defendant and no response is required. To the extent a response is required, the Defendant denies the allegations in Paragraph 40 and strict proof thereof is hereby demanded.

41. The allegations of Paragraph 41 are not directed towards this Defendant and no response is required. To the extent a response is required, the Defendant denies the allegations in Paragraph 41 and strict proof thereof is hereby demanded.

42. The allegations of Paragraph 42 are not directed towards this Defendant and no response is required. To the extent a response is required, the Defendant denies the allegations in Paragraph 42 and strict proof thereof is hereby demanded.

All counts that have not been responded to by this Defendant are hereby Denied and strict proof is hereby demanded.

**COUNT III – UNREASONABLE USE OF FORCE CLAIM AGAINST DEFENDANT VANDERLAAN, INDIVIDUALLY PURSUANT TO 42 U.S.C. 1983, 1988**

43. The allegations of Paragraph 43 are not directed towards this Defendant and no response is required. To the extent a response is required, the Defendant denies the allegations in Paragraph 43 and strict proof thereof is hereby demanded.

44. The allegations of Paragraph 44 are not directed towards this Defendant and no response is required. To the extent a response is required, the Defendant denies the allegations in Paragraph 44 and strict proof thereof is hereby demanded.

45. The allegations of Paragraph 45 are not directed towards this Defendant and no response is required. To the extent a response is required, the Defendant denies the allegations in Paragraph 45 and strict proof thereof is hereby demanded.

46. The allegations of Paragraph 46 are not directed towards this Defendant and no response is required. To the extent a response is required, the Defendant denies the allegations in Paragraph 46 and strict proof thereof is hereby demanded.

47. The allegations of Paragraph 47 are not directed towards this Defendant and no response is required. To the extent a response is required, the Defendant denies the allegations in Paragraph 47 and strict proof thereof is hereby demanded.

48. The allegations of Paragraph 48 are not directed towards this Defendant and no response is required. To the extent a response is required, the Defendant denies the allegations in Paragraph 48 and strict proof thereof is hereby demanded.

All counts that have not been responded to by this Defendant are hereby Denied and strict proof is hereby demanded.

**AFFIRMATIVE DEFENSES**

1. The Defendant would assert the defense of accord and satisfaction and further assert that the claims of Plaintiff were settled between the parties on August 17, 2021, when counsel for Plaintiff accepted the July 21, 2021 offer to settle for a sum specified by counsel for the Defendant; the settlement agreement was circulated between counsel and terms agreed to on September 17, 2021; and counsel for Plaintiff provided a W-9 form for payment on September 22 and 23, 2021.

2. Plaintiff knew or in the exercise of reasonable care should have known of the potential hazard or condition of which Plaintiff complains and thereafter voluntarily chose to remain exposed to any potential danger and is therefore barred from recovery in that Plaintiff assumed the risk.

3. Pursuant to applicable Florida Statutes, this Defendant is entitled to a credit or set-off in this action for any of Plaintiff's damages for which any collateral source benefits are paid or are payable.

4. Plaintiff was negligent and such negligence proximately caused or contributed to the accident and damages complained of and Plaintiff is barred by Doctrine of Comparative Negligence from recovery herein to the extent of said negligence.

5. Plaintiff has failed to mitigate the damages claimed, and as such, Plaintiff's recovery, if any, should be reduced by the amount the damages complained of could have been lessened.

6. The sole or contributing proximate cause of the damages complained of was the intervening negligence or acts of others for whom this Defendant is not responsible.

7. Defendant relies upon such other defenses as may become available and expressly reserves the right to amend, delete, and/or add defenses as discovery and investigation in this matter continues.

8. The Defendant would assert that Plaintiff has failed to make sufficient allegations of ultimate fact from which it may be determined that a claim for relief has been stated.

9. The Defendant hereby reserves and invokes whatever privileges, immunities, or limitations on liability or damages that operate to the benefit of the state and/or its agencies, or subdivisions including, but not limited to, Riviera Beach Police Department, pursuant to Fla. Stat. §768.28.

10. The Defendant would assert that it is immune from liability, or liability is limited for any and all alleged injuries and damages about which Plaintiff complains by virtue and by operation of Fla. Stat. §768.28.

11. The Defendant further asserts that the limit of its liability, including financial liability, to Plaintiff is statutorily limited as more fully set forth in Fla. Stat. §768.28.

12. The Plaintiff has failed to meet the conditions precedent and subsequent to to the filing of this lawsuit as set forth in Fla. Stat. §768.28(6)(a) and §768.28(6)(c).

13. The Defendant would assert that it is immune from liability or liability is limited for any and all alleged injuries or damages about which Plaintiff complains by virtue and by operation of the concept of sovereign immunity.

14. The Defendant would assert that any and all injuries or damages suffered by Plaintiff were caused in whole by reason of Plaintiff's negligence and/or wrongful acts and/or misconduct.

15. The Defendant would assert that as to the state law claim, to the extent they exist, all actions taken by the Co-Defendant, if any, were taken within the course and scope of his employment, and consequently they are not subject to suit pursuant to Fla. Stat. §768.28(9)(a).

16. The Defendant would assert that any and all actions were taken:

    a. Without malice;

    b. With probable cause;

    c. In pursuant of lawful and legal duties;

    d. With such force as was reasonable and necessary under the circumstances.

17. The Defendant would assert reliance upon the presumption that the exercise of police power was for the purpose of protecting the public health, safety, and/or welfare and is otherwise presumed to be for the purpose of preventing a harm. Such rebuttable presumption requires proof to the contrary by clear and convincing evidence pursuant to Fla. Stat. §11.066(2).

18. The Defendant would assert that to the extent force was used, the force was justifiable and otherwise lawful pursuant to Chapter 776, Florida Statutes.

19. Further, the Defendant relies upon any defenses it may have pursuant to Fla. Stat. §768.31, §768.36, §768.0705, §768.71 and §768.81.

**WHEREFORE**, Defendant, CITY OF RIVIERA BEACH, prays this Court enter judgment against Plaintiff for costs and such other relief this Court deems appropriate, and further demands trial by jury of all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing has been provided via Florida's e-filing portal and/or electronic mail on February 23, 2023 to: Zedrick D. Barber II, Esq., The Barber Firm, LLC, 440 PGA Blvd., Suite 600, Palm Beach Gardens, Florida 33410 (zedrick@thebarberfirm.us).

**Marshall, Dennehey, Warner, Coleman & Goggin**
*Counsel for Defendant City of Riviera Beach*
2400 Commercial Blvd., Suite 1100
Fort Lauderdale, FL  33308
Telephone No.:  (954) 847-4920
Facsimile No.:  (954) 627-6640

By:	*/s/ Joanne I. Nachio, Esq.*
	ALAN C. NASH, ESQ.
	Florida Bar Number: 0051267
	JOANNE I. NACHIO, ESQ.
	Florida Bar Number: 113040